1  Jasper O. Crook

2  19004 Sheffield Street

3  Hesperia, CA 92345

4  (760)998-3000

5  Pro Se



6

7              UNITED STATES DISTRICT COURT

8       CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

9

10  JASPER O. CROOK,                    CASE NO. 5:23-cv-02448-JVS-AS
                    Claimant,
11                                       **CLAIMANT'S REQUEST FOR JUDICIAL
                    v.                   NOTICE IN SUPPORT OF CLAIMANT'S
12                                       OPPOSITION TO DEFENDANTS' MOTION FOR
   SAN BERNARDINO COUNTY SHERIFF'S       SUMMARY JUDGMENT OR, IN THE
13  DEPARTMENT; VICTORVILLE POLICE       ALTERNATIVE, PARTIAL SUMMARY
   DEPARTMENT; THOMAS BECHTOL,           JUDGMENT**
14  individually and in his official
   capacity; JONATHAN CAHOW, individually  Date: No date is set per Court's
15  and in his official capacity; CLAYTON      Scheduling Order (Dkt. No. 22)
   BRANDT, individually and in his official
16  capacity; STUART CULLUM, individually   *[Opposition to Motion for Summary
   and in his official capacity; STARSUN   Judgment/Partial Summary Judgment;
17  FINCEL, individually and in his official Statement of Genuine Disputes;
   capacity; and DOES 1-10 inclusive, in    Declaration of Jasper O. Crook
18  their individual and official capacities, submitted concurrently herewith]*

19  ————————————————————         **Matter Before Magistrate Alka Sagar
                    Defendants.         for Recommendation for Judge James
20                                       V. Selna's Determination**

21

22       Claimant, Jasper O. Crook, hereby requests, pursuant to Rule 201

23  of the Federal Rules of Evidence, that the Court take judicial notice

24  of the following items in connection with Claimant's Opposition to

25  Defendants' Motion for Summary Judgment or, in the Alternative,

26

27  Partial Summary Judgment:

28

Claimant's Request for Judicial Notice in Support of Claimant's Opposition to
Defendants' Motion for Summary Judgment or, In the Alternative,
Partial Summary Judgment Pursuant to Local Rule 56-2
5:23-cv-02448-JVS-AS

1 of 29

1. Exhibit "A": A true and correct copy of Claimant's proof of personal service by Deputy S. Bennett of Victorville Police Department, Court Services Division, served on Tuesday, December 7, 2021 at 12:05 p.m. at 19004 Sheffield St. Hesperia, CA, 92345; <u>five days after</u> **(emphasis added)** the unconstitutional search and seizure of Claimant's private property on Thursday, December 2, 2021. The personal service included the following documents:

   • WV-130 Workplace Violence Restraining Order After Hearing (CLETS-WHO) dated November 18, 2021;

   • WV-800 Info How Do I Turn In, Sell Or Store My Firearms; and

   • WV-800 Proof Of Firearms Turned In, Sold, Or Stored, Attachment 7A(7).

   Under the Remarks section of the Proof of Personal Service-Civil document (POS-020), Deputy S. Bennett states: "Served Jasper Crook. Crook was advised of the terms of the restraining order and the expiration date. Crook advised that Victorville City PD had already come to his residence and seized his firearms. Crook was advised he needed to provide proof to the court." This proof of personal service was filed with the superior court on December 9, 2021 by Deputy S. Bennett. Submitting this proof of personal service under Fed. R. Civ. P. Rule 44. Proving an Official Record.

2. Exhibit "B": A true and correct copy of Claimant's WV-130 Workplace Violence Restraining Order After Hearing ("Final Order") dated November 18, 2021. The Final Order was under court

Claimant's Request for Judicial Notice in Support of Claimant's Opposition to Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment Pursuant to Local Rule 56-2
5:23-cv-02448-JVS-AS

2 of 29

submission after Claimant's in-person hearing held on November 15-16, 2021. The Final Order included handwritten instructions from the court under section 13, *Service of Order on Respondent*, which stated, "Court will require(**emphasis added**) personal service of orders." Also on the last page of the Final Order, *Attachment 7a(7), Court's Ruling on Submitted Matter*(**emphasis added**), it stated, "Mr. Crook is ordered to turn in any firearms and he shall be prohibited from owning, possessing, purchasing, receiving guns or ammunition...Mr. Crook shall comply with this order within 48 hours (**emphasis added**) of being served with this order." The Final Order was not personally served until 5 days after Defendants' illegal search and seizure of Claimant's firearms and ammunition AND 19 days after the Final Order was signed, SEE Exhibit "A".

3. Exhibit "C": A true and correct copy of Defendant Detective Thomas Bechtol's Search Warrant and Affidavit. Defendant Detective Bechtol falsified this Search Warrant and Affidavit for Claimant's private property. Defendant Detective Bechtol blatantly lied on his December 2, 2021, *Statement of Probable Cause* by stating, "On November 18, 2021, a workplace violence restraining order was granted by judicial officer John M. Pacheco...Crook was present in court when the restraining order was granted." As a detective, Defendant Detective Bechtol clearly read the Final Order in its entirety before taking action against

Claimant's Request for Judicial Notice in Support of Claimant's Opposition to Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment Pursuant to Local Rule 56-2
5:23-cv-02448-JVS-AS

3 of 29

Claimant. Defendant Detective Bechtol thoroughly read the following:

- Heading/title of the Final Order, *WV-130 Workplace Violence Restraining Order After Hearing* (**emphasis added**). This was filed with the court on November 18, 2021. Proving Claimant was not present in court when the order was granted.
- Handwritten instructions added to the Final Order in Section 13, *Service of Order on Respondent,* stating, "Court will require personal service of orders."
- Last page of the Final Order titled, *Attachment 7a(7), Court's Ruling on Submitted Matter,* stated, "Mr. Crook is ordered to turn in any firearms and he shall be prohibited from owning, possessing, purchasing, receiving guns or ammunition...Mr. Crook shall comply with this order within 48 hours (**emphasis added**) of being served with this order."

Defendant Detective Bechtol was aware that no proof of personal service for Claimant was on file with the court as of December 2, 2021. Proof of personal service for Claimant was not filed with the court until December 9, 2021, by non-party Deputy S. Bennett of Victorville Police Department, Court Services Division. Defendant Detective Bechtol was obviously aware that he lacked probable cause to author a search warrant and affidavit for Claimant's residence.

4. Exhibit "D": The State Bar of California, Rule 3.7 Lawyer as Witness. "A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness." Defendants' attorney clearly states in his Declaration of Aamir Raza with Exhibits in Support of County Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, ¶ 1, "The facts set forth herein are of my own personal knowledge...If called to testify, I could and would competently testify thereto."

Claimant's Request for Judicial Notice in Support of Claimant's Opposition to Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment Pursuant to Local Rule 56-2
5:23-cv-02448-JVS-AS

4 of 29

Defendants' counsel appears to be acting as a witness rather than an attorney. Besides, Defendants' attorney does not have first hand knowledge of experience in this case that took place on December 2, 2021 at Claimant's residence.

5. Exhibit "E": The American Bar Association, Rule 3.7 Lawyer as Witness – Comment, "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Made publicly available at https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_7_lawyer_as_witness/comment_on_rule_3_7/

Facts subject to judicial notice include those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Exhibit "A" is a copy of Jasper Crook's personal proof of service of a Final Order dated November 18, 2021 and corresponding documents including but not limited to information on how to turn in, sell, or store firearms; served by Deputy S. Bennett of Victorville Police Department, Court Services Division, on December 7, 2021, five days after the unconstitutional search and seizure of Claimant's private property. Exhibit "B" is WV-130 Workplace Violence Restraining Order After

Claimant's Request for Judicial Notice in Support of Claimant's Opposition to
Defendants' Motion for Summary Judgment or, in the Alternative,
Partial Summary Judgment Pursuant to Local Rule 56-2
5:23-cv-02448-JVS-AS

1    Hearing ("Final Order"). Exhibit "C" is Defendant Detective Thomas

2    Bechtol's Search Warrant and Affidavit. Exhibit "D" is the State Bar

3    of California Rule 3.7 Lawyer as Witness. Exhibit "E" is the American

4    Bar Association Rule 3.7 Lawyer as Witness – Comment, made publicly

5    available on the americanbar.org website.

6         In sum, the above items meet the requirements of Rule 201(b)(2)

7    of the Federal Rules of Evidence, and therefore, the Court must take

8    judicial notice of them pursuant to Rule 201(c)(2) of the Federal

9    Rules of Evidence.

10

11

Dated February 19, 2025

12                              I declare under penalty of perjury under
                                the laws of the State of California and
13                              the United States of America that the
                                foregoing is true and correct.
14

15                              Respectfully submitted,

16

17                              UCC 1-308 without prejudice
                                Jasper O. Crook, Beneficiary and
18                              Administrator of the United
                                States of America, and Pro Se
19

20

21

22

23

24

25

26

27

28

Claimant's Request for Judicial Notice in Support of Claimant's Opposition to
Defendants' Motion for Summary Judgment or, in the Alternative,
Partial Summary Judgment Pursuant to Local Rule 56-2
5:23-cv-02448-JVS-AS

6 of 29

EXHIBIT A-1

POS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BEVERLY OZOWARA, AALRR<br>3880 LEMON STREET SUITE 350<br>RIVERSIDE CA 92501<br><br>TELEPHONE NO.: 951-683-1122    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): VICTOR ELEMENTARY SCHOOL DISTRICT | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>DEC 09 2021<br><br>BY JACQUELINE HARNESS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: San Bernardino CA 92415-0210
CITY AND ZIP CODE:
BRANCH NAME: Justice Center - Civil Division

PETITIONER/PLAINTIFF: VICTOR ELEMENTARY SCHOOL DISTRICT

RESPONDENT/DEFENDANT: JASPER COOK

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>CIVSB2124483<br>LEVYING OFFICER FILE NUMBER:<br>21010612 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action.

2. I served the following documents (specify): WV-130 WORKPLACE VIOLENCE RESTRAINING ORDER AFTER HEARING (CLETS-WHO), WV-800 INFO HOW DO I TURN IN, SELL OR STORE MY FIREARMS?, WV-800 PROOF OF FIREARMS TURNED IN, SOLD, OR STORED, ATTACHMENT 7A(7)

☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following persons at the address, date, and time stated:

   a. Name: JASPER CROOK
   b. Address: ▇▇▇▇▇▇▇▇▇ HESPERIA CA 92345
   c. Date: 12/07/2021    Remarks: SERVED JASPER CROOK. CROOK WAS ADVISED OF THE TERMS OF THE
   d. Time: 12:05 pm    RESTRAINING ORDER AND THE EXPIRATION DATE CROOK ADVISED THAT

   ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4.
   Hearing date:    Remarks: SERVED JASPER CROOK. CROOK WAS ADVISED OF THE
   Time:    TERMS OF THE RESTRAINING ORDER AND THE EXPIRATION
   DATE. CROOK ADVISED THAT VICTORVILLE CITY PD HAD ALREADY
   COME TO HIS RESIDENCE AND SEIZED HIS FIREARMS. CROOK
   Fee for service was: $40.00 Bill to Court    WAS ADVISED HE NEEDED TO PROVIDE PROOF TO THE COURT

5. My name, address, telephone number, and, if applicable, county of registration and number are (specify):

   Name:    S. Bennett
   Address:    14455 Civic Drive, Suite 400 Victorville, CA 92392
   Telephone number:    (760) 243-8757

or

6. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. ☒ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: Tuesday, December 7, 2021

SHANNON D. DICUS, SHERIFF-CORONER
County of San Bernardino

▶ _____
Signature of Sheriff's Authorized Agent

Court Copy

DEF_0035
EXHIBIT A-2

San Bernardino Superior Court
247 West Third Street
San Bernardino CA 92415-0210



DEC 0 9 2021

SUPERIOR COURT OF CALIFORNIA
SAN BERNARDINO COUNTY

DEF_0036
EXHIBIT A-3

EXHIBIT B-1

| **WV-130** | **Workplace Violence Restraining Order After Hearing** |
|---|---|

Clerk stamps date here when form is filed.

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 1 8 2021

arlene Guardado

ARLENE GUARDADO

**(1) Petitioner (Employer)**

a. Name: Victor Elementary School District

Lawyer for Petitioner (if any, for this case)

Name: Beverly Ozowara       State Bar No.: 299170

Firm Name: Atkinson, Andelson, Loya, Ruud & Romo

b. Your Address (If you have a lawyer, give your lawyer's information.)

Address: 3880 Lemon Street, Suite 350

City: Riverside       State: CA   Zip: 92501

Telephone: (951) 683-1122       Fax: (951) 683-1144

E-Mail Address: Beverly.Ozowara@aalrr.com

Fill in court name and street address:

Superior Court of California, County of
San Bernardino - Civil Division
247 West Third Street
San Bernardino, CA 92415

**(2) Employee (Protected Person)**

Full Name: Tanya Newell

**(3) Respondent (Restrained Person)**

Full Name: Jasper Crook

Description

Court fills in case number when form is filed.

Case Number:

CIV SB 2124468

| Sex: ☑ M  ☐ F  Height: 5'11"       Weight: 170       Date of Birth: ▮971 |
|---|
| Hair Color: Black       Eye Color: Brown       Age: 50   Race: African American |
| Home Address (if known): ▮▮▮▮▮▮ |
| City: Hesperia       State: CA   Zip: 92345 |
| Relationship to Employee:       Respondent's children attend school site; Employee is Principal |

**(4) ☐ Additional Protected Persons**

In addition to the student, the following family or household members or other students are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to employee |
|---|---|---|---|---|
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

**(5) Expiration Date**

This Order, except for any award of lawyer's fees, expires at

| Date: 11/18/24 | Time: Midnight | ☐ a.m. ☐ p.m. |
|---|---|---|

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2018, Mandatory Form
Code of Civil Procedure, § 527.8 and 527.9
Approved by DOJ

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

WV-130, Page 1 of 6
→

Case Number: **CIV SB 2 1 2 4 4 6 3**

(6) **Hearing**

a. There was a hearing on *(date):* 11|15 – 11|16|21 at *(time):* 9:00 am in Dept.: S31 Room: _____
*(Name of judicial officer):* JOHN M. PACHECO made the orders at the hearing.

b. These people were at the hearing:
(1) ☑ The petitioner/employer *(name):* DR. TANYA BONITEZ, representative
(2) ☑ The lawyer for the petitioner/employer *(name):* BEVERLY OZONARA
(3) ☑ The employee  (4) ☑ The lawyer for the employee *(name):* BEVERLY OZONARA
(5) ☑ The respondent  (6) ☐ The lawyer for the respondent *(name):* _____
☐ Additional persons present are listed at the end of this Order on Attachment 6b.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____

**To the Respondent:**

**The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.**

(7) **Personal Conduct Orders**

a. You are ordered not do the following things to the employee
☐ and to the other protected persons listed in (4):
(1) ☑ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.
(2) ☑ Commit acts of violence or make threats of violence against the person.
(3) ☑ Follow or stalk the person during work hours or to or from the place of work.
(4) ☑ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.
(5) ☑ Enter the person's workplace.
(6) ☑ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.
(7) ☑ Other *(specify):*
☐ Other personal conduct orders are attached at the end of this Order on Attachment 7a(7).

_____

_____

_____

_____

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised January 1, 2018

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

WV-130, Page 2 of 6
→

DEF_0029
EXHIBIT B-3

Case Number **CIV SB 21244 63**

**8  Stay-Away Orders**

a. You must stay at least _100_ yards away from *(check all that apply):*

(1) ☑ The employee.

(2) ☐ Each other protected person listed in ④.

(3) ☑ The employee's workplace.

(4) ☑ The employee's home.

(5) ☐ The employee's school.

(6) ☐ The employee's children's school.

(7) ☐ The employee's children's place of child care.

(8) ☑ The employee's vehicle.

(9) ☑ Other *(specify):* Stay away from Mountain View
Montesori Charter School
17000 Silica RD
Victorvnue, CA 92395

b. This stay-away order does not prevent you from going to or from your home or place of employment.

**9  No Guns or Other Firearms and Ammunition**

a. **You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.**

b. If you have not already done so, you must:

(1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns have been turned in, sold, or stored. *(You may use form WV-800, Proof of Firearms Turned In, Sold, or Stored, for the receipt.)*

c. ☑ The court has received information that you own or possess a firearm.

d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code of Civil Procedure section 527.9(f). Under California law, the respondent is not required to relinquish this firearm *(specify make, model, and serial number of firearm(s)):* _____

_____

The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the respondent may be subject to federal prosecution for possessing or controlling a firearm.

**10 ☐ Costs**

You must pay the following amounts for costs to the petitioner:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |

☐ Additional amounts are attached at the end of this Order on Attachment 10.

**This is a Court Order.**

Revised January 1, 2018

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

WV-130, Page 3 of 6
→

DEF_0030

EXHIBIT B-4

Case Number: CIV-SB 2124463

(11) ☐ **Other Orders** *(specify):*

_____

_____

☐ Additional orders are attached at the end of this Order on Attachment 11.

**To the Person in ❶:**

(12) **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☑ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. ☐ By the close of business on the date that this Order is made, the petitioner or the petitioner's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

Name of Law Enforcement Agency        Address *(City, State, Zip)*

_____        _____

_____        _____

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

(13) **Service of Order on Respondent**

*Court will require personal service of orders.*

a. ☑ The respondent personally attended the hearing. ~~No other proof of service is needed.~~

b. ☐ The respondent did not attend the hearing.

(1) ☐ Proof of service of form WV-110, *Temporary Restraining Order,* was presented to the court. The judge's orders in this form are the same as in form WV-110 except for the expiration date. The respondent must be served with this Order. Service may be by mail.

(2) ☐ The judge's orders in this form are different from the temporary restraining orders in form WV-110. Someone—but not the petitioner or anyone protected by this order—must personally serve a copy of this Order on the respondent.

(14) **No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because the Order is based on a credible threat of violence or stalking.

(15) Number of pages attached to this Order, if any:  1

Date: 11/18/21

_____
*Judicial Officer*

**This is a Court Order.**    JOHN M. PACHECO

Revised January 1, 2018

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

WV-130, Page 4 of 6
→

DEF_0031
EXHIBIT B-5

Case Number: SB 2 1 2 4 4 6 3

Warning and Notice to the Respondent:

## You Cannot Have Guns or Firearms

Unless item 9d is checked, you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑨. The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). Agencies are encouraged to enter violation messages into CARPOS. If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ⑤ on page 1.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** *(See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)*

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

**This is a Court Order.**

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

DEF_0032
EXHIBIT B-6

15 of 29

Case Number:
**CIV SB  2 1 2 4 4 6 3**

*Clerk's Certificate*
*[seal]*

*(Clerk will fill out this part.)*
—**Clerk's Certificate**—

I certify that this *Workplace Violence Restraining Order After Hearing* is a true
and correct copy of the original on file in the court.

Date: _____ Clerk, by _____ , Deputy

This is a Court Order.

**Workplace Violence
Restraining Order After Hearing (CLETS—WHO)**
(Workplace Violence Prevention)

WV-130, Page 6 of 6

16 of 29

DEF_0033
EXHIBIT B-7

Attachment 7a(7)
### Court's Ruling on Submitted Matter

The court finds by clear and convincing evidence that a permanent restraining order shall be issued
restraining Mr. Crook not only from Mountain View Montessori Charter School but also their principal,
Tanya Newell. Attached to this ruling are the orders which shall be served personally on Jasper Crook.
Mr. Crook is ordered to turn in any firearms and he shall be prohibited from owning, possessing,
purchasing, receiving guns or ammunition in conformity with Number #9 of this restraining order. Mr.
Crook shall comply with this order within 48 hours of being served with this order. He shall stay 100
yards from Mountain View Montessori Charter School and 100 yards from Ms. Tanya Newell. This
restraining order shall be effective for 3 years from the date of this order.

Mr. Crook, like all Americans, has his First Amendment Right to Freedom of Speech but when he uses a
megaphone/bullhorn in front of the Montessori Elementary school to shout "We are coming to get you
Tanya Newell...We are going to get you Tanya Newell...you are turning our kids into brainless
Zombies...the Administration is coming for our children and we need to be ready to fight... and
comparing the wearing of masks to Nazi Germany and Hitler... referring to the children as Nazi Youth
and many other insightful comments, the court does not find that these comments are protected
speech when made at an elementary school during pick up and drop of tiny children who are in fear of
the man on the megaphone. The court cannot condone these types of threats, disruptive and frightful
activity when it inflicts fear and harm to those children attending the Montessori School and causes
physical and psychological harm to its Principal, Tanya Newell.

DEF_0034
EXHIBIT B-8

EXHIBIT C-1

| | | Warrant No. |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA**
County of San Bernardino

**SEARCH WARRANT**
Probable Cause Warrant to Search
(Penal Code Section 1524)

**SEARCH WARRANT AND AFFIDAVIT**

**AFFIDAVIT**

I, Detective Thomas Bechtol swear under oath that the facts expressed by me in the attached and incorporated **Statement of Probable Cause** are true and that based therein I have probable cause to believe and do believe that the articles, property, and persons described below may be lawfully seized pursuant to Penal Code Section 1524, as indicated below, and is now located at the location(s) set forth below.  Wherefore, I request that this Search Warrant be issued.

_____
(Signature of Affiant)

HOBBS SEALING REQUESTED:  ☐ YES  ☒ NO
NIGHT SEARCH REQUESTED:  ☐ YES  ☒ NO

**SEARCH WARRANT**

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICEMAN OR PEACE OFFICER IN THE COUNTY OF SAN BERNARDINO: proof by affidavit, under penalty of perjury, having been made before me by Detective Thomas Bechtol that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully sizeable pursuant to Penal Code Section 1524 et seq., as indicated below by "☒"(s), in that:

☐ it was stolen or embezzled;

☐ it was used as the means of committing a felony;

☐ it is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery;

☒ it tends to show that a felony has been committed or that a particular person has committed a felony;

☐ it tends to show that sexual exploitation of a child, in violation of Penal Code Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring;

☐ an arrest warrant has been issued for _____;

☐ a provider of electronic communication service or remote computing service has records of evidence, as specified in Penal Code Section 1524.3, showing that property was stolen or embezzled constituting a misdemeanor, or that property or things are in possession of any person with intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery;

1

## YOU ARE THEREFORE COMMANDED TO SEARCH:

The places to be searched shall include any and all rooms, closets, attics, garages, storage areas, patios, vehicles or any other areas associated with this residence, including any safes, vaults, miscellaneous locked containers as well as all persons present.

## LOCATIONS TO BE SEARCHED:

▮▮▮▮▮▮▮▮▮▮▮▮ in the city of Hesperia, County of San Bernardino, State of California. This location is a one story, single family residence with an attached two car garage. The residence is blue in color with white trim. The roof is composed of shingle roofing, gray in color. The front door is burgundy in color and faces to the south towards ▮▮▮▮ Street. The numbers "▮▮▮" are affixed to the exterior wall in blue to the left of the front door, when facing the residence.

## FOR THE FOLLOWING PROPERTY:

Weapon consisting essentially of a metal or hard tube from which a missile or projectile is shot by the force of exploding gunpowder or other propellant; such as a musket, rifle, machine gun, pistol, revolver, shotgun and objects which launch self-propelled projectiles.

Firearms, bullets, jacketed metal or lead components of a bullet.

Ammunition and all components of ammunition including the casings and primers.

Projectiles fired from any of the weapons listed above

**AND TO SEIZE IT IF FOUND** and bring it before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Affidavit was sworn to and subscribed before me this **2nd day of December, 2021**, at _____ **a.m./p.m.** Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_____, NIGHT SEARCH APPROVED: ☐ **YES**   ☐ **NO**

*(Signature of Magistrate)*
**Judge of the Superior Court**

2

Warrant ID: 000074184

DEF_0040  Page 2 of 5
EXHIBIT C-3

**EXPERTISE OF AFFIANT:**

Your Affiant (hereafter referred to as "I" or "me") Detective Thomas Bechtol, is a duly sworn Deputy Sheriff for the County of San Bernardino, State of California, and has been regularly employed in such capacity since September 2006. I have completed the San Bernardino County Sheriff's Department Basic Academy and have worked in either a custodial, patrol, training, or investigative capacity. I am currently assigned as a Detective to investigations at the Victorville Police Station. I was previously a Field Training Officer (FTO) assigned to patrol at the Apple Valley Sheriff's Station for over 11 years. Your Affiant possesses an Advanced P.O.S.T. Certificate. I have conducted investigations, including those similar to the crimes described in this warrant.

I have received training in multiple types of investigations. While assigned to patrol and investigations, I directly investigated or took part in investigations of crimes such as homicide, burglary, drug sales, drug possession, and assaults with deadly weapons, grand theft, robbery, sexual assaults, and possession of stolen property, conspiracy, identity theft, forgery, evading, and many others. I have attended P.O.S.T. certified training courses in such topics as Gang Awareness, Drug Influence Recognition, Criminal Investigations, Interview and Interrogation, and many others. I have received training (specialized and in-service) in the writing of search warrants and conducted and / or been involved in numerous investigations including frauds, grand thefts, sexual assaults, crimes against children, burglaries, grand theft auto, narcotic investigations, possession of stolen property, evading, and robberies; the majority of which required evidence collection and scene preservation. I have previously authored search warrants leading to the arrest and conviction of felons and the location of evidence.

3

Warrant ID: 000074184

DEF_0041 Page 3 of 5
EXHIBIT C-4

## STATEMENT OF PROBABLE CAUSE

On November 18, 2021, a workplace violence restraining order was granted by judicial officer John M. Pacheco regarding court case number CIVSB2124463. The restrained person in the order is Jasper Crook, DOB: ███ 1971 who resides at ███████████ in the city of Hesperia, Crook was present in court when the restraining order was granted. In section 9 of the restraining order it states Crook is to have no guns, other firearms, and ammunition. I conducted a records check and Crook has two firearms registered to him. As of Wednesday, December 2, 2021, there is no record of Crook surrendering his firearms, a violation of Penal Code Section 29825.

YOUR AFFIANT DECLARES UNDER PENALTY OF PERJURY, under the laws of the State of California that this Affidavit is true and correct.

Date: 12/2/2021

Thomas Bechtol, Detective

4

Warrant ID: 000074184

DEF_0042  Page 4 of 5
EXHIBIT C-5

**WARRANT NOTES**

(No Notes)

County of San Bernardino.

The people of the State of California to any peace officer in the County of San Bernardino:

Proof, by affidavit, having been this day made before me by telephone by the officer whose signature is affixed to the affidavit, that there is probable cause for believing that evidence tending to show that a felony (or felonies) has or have been committed, you are therefore commanded to make search on the person and/or property set forth in the description page and/or affidavit, which is incorporated by reference herein; and, in the case of a thing or things or personal property, if you find the same or any part thereof, to bring the thing or things or personal property forthwith before me at the courthouse of this Court.

Given under my hand, and issued at 14:52 on this 2nd day of December, 2021

Hobbs Sealing Approved:  **NO**         Night Service Approved:    **NO**

Judge Michael A Camber

**Warrant ID: 000074184**

**END OF WARRANT**

DEF_0043 Page 5 of 5
EXHIBIT C-b

EXHIBIT D-1

# The State Bar *of California*

## Rule 3.7 Lawyer as Witness

**(Rule Approved by the Supreme Court, Effective November 1, 2018)**

(a)     A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:

  (1)     the lawyer's testimony relates to an uncontested issue or matter;

  (2)     the lawyer's testimony relates to the nature and value of legal services rendered in the case; or

  (3)     the lawyer has obtained informed written consent* from the client.  If the lawyer represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the lawyer is employed.

(b)     A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm* is likely to be called as a witness unless precluded from doing so by rule 1.7 or rule 1.9.

**Comment**

[1]     This rule applies to a trial before a jury, judge, administrative law judge or arbitrator. This rule does not apply to other adversarial proceedings.  This rule also does not apply in non-adversarial proceedings, as where a lawyer testifies on behalf of a client in a hearing before a legislative body.

[2]     A lawyer's obligation to obtain informed written consent* may be satisfied when the lawyer makes the required disclosure, and the client gives informed consent* on the record in court before a licensed court reporter or court recorder who prepares a transcript or recording of the disclosure and consent.  See definition of "written" in rule 1.0.1(n).

[3]     Notwithstanding a client's informed written consent,* courts retain discretion to take action, up to and including disqualification of a lawyer who seeks to both testify and serve as an advocate, to protect the trier of fact from being misled or the opposing party from being prejudiced. (See, e.g., *Lyle v. Superior Court* (1981) 122 Cal.App.3d 470 [175 Cal.Rptr. 918].)

EXHIBIT D-2

EXHIBIT E-1

# Rule 3.7 Lawyer As Witness - Comment

Share:



*Advocate*

[1] Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.

## Advocate-Witness Rule

[2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

[3] To protect the tribunal, paragraph (a) prohibits a lawyer from simultaneously serving as advocate and necessary witness except in those circumstances specified in paragraphs (a)(1) through (a)(3). Paragraph (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

EXHIBIT E-2

[4] Apart from these two exceptions, paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. The conflict of interest principles stated in Rules 1.7, 1.9 and 1.10 have no application to this aspect of the problem.

[5] Because the tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness, paragraph (b) permits the lawyer to do so except in situations involving a conflict of interest.

## Conflict of Interest

[6] In determining if it is permissible to act as advocate in a trial in which the lawyer will be a necessary witness, the lawyer must also consider that the dual role may give rise to a conflict of interest that will require compliance with Rules 1.7 or 1.9. For example, if there is likely to be substantial conflict between the testimony of the client and that of the lawyer the representation involves a conflict of interest that requires compliance with Rule 1.7. This would be true even though the lawyer might not be prohibited by paragraph (a) from simultaneously serving as advocate and witness because the lawyer's disqualification would work a substantial hardship on the client. Similarly, a lawyer who might be permitted to simultaneously serve as an advocate and a witness by paragraph (a)(3) might be precluded from doing so by Rule 1.9. The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party. Determining whether or not such a conflict exists is primarily the responsibility of the lawyer involved. If there is a conflict of interest, the lawyer must secure the client's informed consent,

EXHIBITE-3

confirmed in writing. In some cases, the lawyer will be precluded from seeking
the client's consent. See Rule 1.7. See Rule 1.0(b) for the definition of "confirmed
in writing" and Rule 1.0(e) for the definition of "informed consent."

[7] Paragraph (b) provides that a lawyer is not disqualified from serving as an
advocate because a lawyer with whom the lawyer is associated in a firm is
precluded from doing so by paragraph (a). If, however, the testifying lawyer
would also be disqualified by Rule 1.7 or Rule 1.9 from representing the client in
the matter, other lawyers in the firm will be precluded from representing the
client by Rule 1.10 unless the client gives informed consent under the
conditions stated in Rule 1.7.

Back to Rule | Table of Contents | Next Comment

ABA  American Bar Association  |
/content/aba-cms-
dotorg/en/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_7_lawyer_as_witness/comment_on_rule_3_

EXHIBIT E-4